UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZOANN MARTINEZ, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Case No.: |
| DAL GLOBAL SERVICES, LLC | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff ZOANN MARTINEZ ("Plaintiff" or "Martinez"), and files her Complaint against Defendant, DAL GLOBAL SERVICES, LLC ("Defendant" or "DGS"), and in support she states the following:

**NATURE OF THE CLAIMS**

This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "Title VII"); and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq*. ("TCHR") to redress Defendant's unlawful employment practices against Plaintiff because of her sex including discrimination, sexual harassment, and retaliation against Plaintiff because of her complaints of sexual harassment leading to Plaintiff's constructive discharge.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

2. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Texas Labor Code pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Martinez is a citizen of the United States, and is and was at all times material, a resident of the State of Texas, residing in Harris County, Texas.

5. Defendant, DGS, is a foreign limited liability company with its principal place of business in Wilmington, Delaware.

6. Defendant does business in this District and Plaintiff worked for Defendant at the George Bush Intercontinental/Houston Airport located at 2800 N. Terminal Rd., Houston, TX 77032.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On August 15, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on discrimination and retaliation.

10. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11. On March 18, 2021, the TCW issued to Plaintiff a Notice of Dismissal and Right to File Civil Action, against Defendant.

12. On March 18, 2021 the EEOC issued to Plaintiff a Notice of Right to Sue, issued upon request.

13. This Complaint was timely filed within sixty days following Plaintiff's receipt of the TCW's Dismissal and Right to File Civil Action and within ninety days of receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant on a full-time basis as a Guest Service Agent.

15. Plaintiff is a female.

16. Plaintiff was subjected to disparate and discriminatory treatment due to her sex.

17. Plaintiff was subjected to severe and pervasive sexual harassment during her employment by her male co-worker, Ruben Ojeda ("Ojeda").

18. The conduct was sufficiently severe and pervasive to alter the condition of Plaintiff's employment, which created a hostile work environment.

19. Plaintiff was originally assigned to the AeroMexico ticket counter where Ojeda was also assigned.

20. Ojeda began sexually harassing Plaintiff shortly after she began her employment by making explicit and sexually inappropriate comments to her and subjecting her to unwanted physical contact.

21. For instance, Ojeda would make comments to Plaintiff such as, due to the lack of chairs, Plaintiff would have to sit on his lap. He would also make comments regarding her appearance such as, "[her] body was really good."

22. Ojeda also subjected Plaintiff to physical sexual harassment. For example, Ojeda would stand in too close of proximity to Plaintiff and would touch Plaintiff on her legs and thighs. He would also approach Plaintiff from behind while grabbing her by the hips.

23. Additionally, Ojeda grabbed at Plaintiff and attempted to kiss her on multiple occasions.

24. In or around January 2020, as a result of supportive encouragement from her female co-workers, Plaintiff reported Ojeda's conduct to Gladis Trejo (Station Manager, female) ("Trejo"). Plaintiff specifically reported his inappropriate behavior and that she [Plaintiff] no longer felt comfortable working with him [Ojeda].

25. Trejo ratified Ojeda's outrageous behavior by taking no remedial action and permitting Ojeda to continue subjecting Plaintiff to pervasive sexual harassment.

26. A few weeks later, Trejo was transferred to another role and replaced by Andrea Castro (Station Manager, female) ("Castro").

27. Due to Ojeda's continuing sexual harassment, Plaintiff again escalated her concerns to Castro, who also failed to take any remedial action.

28. Ojeda's inappropriate behavior towards Plaintiff continued uninterrupted and several weeks later Plaintiff again escalated her concerns to Castro.

29. Specifically, Plaintiff asked Castro about the sexual harassment report she had filed on her [Plaintiff's] behalf. Castro stated there was no sexual harassment report, and then she [Castro] instructed Plaintiff to provide her with a statement to provide Human Resources.

30. Plaintiff provided Castro with a written statement regarding Ojeda's incessant sexual harassment on or about March 4, 2020.

31. On or about March 5, 2020, Plaintiff was suddenly transferred to Frontier, a different airline that the Defendant was contracted with, under the pretext that Plaintiff had a customer complaint. This transfer was a baseless disciplinary action in retaliation for Plaintiff's protected escalations.

32. Defendant continued to take no remedial action toward Ojeda in response to Plaintiff's escalated concerns of pervasive sexual harassment.

33. Shortly after, Defendant transferred Trejo to Frontier as well.

34. Defendant, through Trejo and Leo (Supervisor, male), then began retaliating against Plaintiff due to her protected escalations by subjecting her to increased scrutiny and further discriminatory harassment due to her sex.

35. For example, Plaintiff was demoted from a Customer Service Agent to a Ramp Agent under the pretext that there were no Customer Service Agents due to COVID-19, despite the fact that there were multiple employees working as Customer Service Agents.

36. The demotion included a significant increase in Plaintiff's workload including demanding physical labor that was not akin to the job duties Plaintiff was hired to perform, thus demonstrating Defendant's continuing disparate treatment of Plaintiff and retaliation for Plaintiff's protected concerns.

37. Leo also subjected Plaintiff to unwarranted harassment due to her sex and in retaliation for her protected concerns by taking her personal belongings.

38. For example, Leo took Plaintiff's badge out of her personal locker just to watch her frantically search for it. After some time, Plaintiff went to file a formal badge loss report but just prior to her submission, Leo returned it to her.

39. Plaintiff immediately requested to be placed in an alternative, less physically demanding position until the next training for Frontier's Customer Service Agent positions began, however Leo flatly denied her request.

40. Plaintiff then escalated her concerns regarding Leo's harassment to Jeff (Leo's Manager), who stated he would speak with Leo.

41. Shortly after, Leo further subjected Plaintiff to discriminatory harassment and retaliation by berating Plaintiff for reporting her concerns to Jeff.

42. Plaintiff then filed her Charge of Discrimination with the EEOC/TWC.

43. As a result of Defendant's continued hostile and pervasive discriminatory harassment, purposeful refusal to take any remedial action on behalf of Plaintiff in response to her protected escalation of sexual harassment, and retaliation in response to Plaintiff's escalated concerns, Plaintiff was left with no choice but to resign.

44. Plaintiff has been damaged by Defendant's illegal conduct.

45. Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

46. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: SEX BASED DISCRIMINATION
## IN VIOLATION OF TITLE VII

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-46 above.

48. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

49. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant violated Title VII by discriminating against Plaintiff based on her sex.

51. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

52. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional

distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT II: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-46 above.

55. Defendant engaged in a pattern or practice of unlawful sexual harassment by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, requests for sexual favors, sexual advances, and physical sexual harassment.

56. Despite Plaintiff's reporting of the harassment, Defendant took no action to remedy the situation or prevent future harassment.

57. Defendant's conduct created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

58. Defendant's conduct violates Title VII.

59. Defendant's violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

60. Defendant's actions have caused Plaintiff to suffer mental and emotion distress entitling her to compensatory damages.

61. The outrageous conduct of Defendant described above was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights thereby entitling her to punitive damages.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

62. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-46 above.

63. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

64. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity, specifically Plaintiff's repeated reports regarding the discrimination and hostile work environment Plaintiff was experiencing.

65. Defendant's conduct violated Title VII.

66. Defendant's retaliatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

67. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

68. Defendant has engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### COUNT IV: SEX BASED DISCRIMINATION IN VIOLATION OF THE TCHR

69. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-46 above.

70. At all times relevant to this action, Plaintiff was in a protected category under the TCHR because of her sex, female.

71. Defendant is prohibited under the TCHR from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

72. Defendant violated the TCHR by discharging and discriminating against Plaintiff based on her sex.

73. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

74. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHR, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an aware of monetary damages and other relief.

## COUNT V: SEXUAL HARASSMENT IN VIOLATION OF THE TCHR

75. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-46 above.

76. Defendant engaged in a pattern or practice of unlawful sexual harassment by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, requests for sexual favors, sexual advances, and physical sexual harassment.

77. Despite Plaintiff's reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

78. Defendant's conduct created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

79. Defendant's conduct violates the TCHR.

80. Defendant's violation of the TCHR has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

81. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

82. The outrageous conduct of Defendant described above was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights thereby entitling her to punitive damages.

### COUNT VI: RETALIATION IN VIOLATION OF THE TCHR

83. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-46 above.

84. Plaintiff engaged in protected activity under the TCHR while employed by Defendant when she raised concerns about Defendant's discriminatory behavior.

85. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

86. Defendant's conduct violated the TCHR.

87. Defendant's retaliatory conduct, in violation of the TCHR, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

88. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

89. Defendant's unlawful conduct in violation of the TCHR was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Date: May 17, 2021						Respectfully submitted,


							/s/ Gary J. Martoccio
							Gary J. Martoccio
							Texas Bar No.: 24108958
							gary.martoccio@spielbergerlawgroup.com
							**Spielberger Law Group**
							4890 W. Kennedy Blvd., Suite 950
							Tampa, Florida 33609
							T: (800) 965-1570
							F: (866) 580-7499

							*Attorneys for Plaintiff*

15